

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KEN ROBERTS,

    Petitioner,

v.                                                Civil Action No. **3:16CV179**

LORETTA E. LYNCH, et al.,

    Respondents.

## REPORT AND RECOMMENDATION

Ken Roberts, a former alien detainee proceeding pro se, submitted this petition pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1). This matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). In his § 2241 Petition, Roberts seeks release from the custody of the United States Immigration and Customs Enforcement ("ICE"), asserting that his continued detention is unlawful under Zadvydas v. Davis, 533 U.S. 678 (2001), because "neither ICE nor the Bahamian Embassy has provided any indication that the Bahamian Government would accept petitioner in the reasonably foreseeable future." (§ 2241 Pet. 4 (as paginated by CM/ECF) (emphasis omitted).) Respondent has moved to dismiss (ECF No. 9) on the ground that Roberts's § 2241 Petition should be dismissed as moot because Roberts has been released from ICE custody. For the reasons that follow, it is RECOMMENDED that the § 2241 Petition be DISMISSED AS MOOT.

A.    **Procedural History**

Roberts is a native and citizen of the Bahamas. (Mem.

Supp. Mot. Dismiss Ex. 1 ("Kennedy Decl.") ¶ 5, ECF No. 10-1.) Roberts "claims he entered the United States without inspection at Key Largo, Florida on September 12, 1971." (Id.) Subsequently, Roberts was arrested by the former Immigration and Naturalization Service ("INS"). (Id. ¶ 7.) INS "granted Voluntary Departure [to Roberts] with a departure date on or before December 11, 1971." (Id.)

Roberts, however, did not leave the United States. "On August 28, 1973, after presentation to INS by his guardian, [Roberts] was issued another Voluntary Departure Order with a departure date on or before February 28, 1974." (Id. ¶ 8.) Roberts again did not leave the United States. (Id.) From 1982 until 2009, Roberts was convicted of several felony offenses in several jurisdictions. (Id. ¶¶ 9-14.)

On or about May 26, 2015, ICE took Roberts into custody. (Id. ¶ 19.) On May 29, 2015, "ICE issued to [Roberts] a final administrative order of removal . . . ." (Id. ¶ 16.) On July 27, 2015, at a master calendar hearing, Roberts applied for immigration relief. (Id. ¶ 17.) A month later, Roberts "withdrew his application for relief and accepted a final removal order." (Id. ¶ 18.) On June 3, 2016, ICE released Roberts from custody pursuant to an Order of Supervision. (Id. ¶¶ 28-30.)

B. Analysis and Recommendation

"A habeas corpus petition is moot when it no longer

presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). No case or controversy exists unless the petitioner has suffered an actual injury that can "be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). Here, Roberts was released from ICE custody on June 3, 2016, pursuant to an order of supervision. (Kennedy Decl. ¶¶ 28-30.) "Where, as here, a petitioner does not challenge the legality of his removal order but rather only seek[s] release from ICE custody pending his removal, courts have held that the petitioner's deportation or release from custody moots the petition." Diawara v. Sec'y of DHS, No. AW-09-2512, 2010 WL 4225562, at *2 (D. Md. Oct. 25, 2010) (citations omitted); see Sayyah v. Farquharson, 382 F.3d 20, 22 n.1 (1st Cir. 2004) (noting that release mooted alien's habeas challenge to continued detention); Ishola v. Mukasey, No. PJM-08-1363, 2008 WL 7697071, at *1 (D. Md. Aug. 12, 2008) (finding that petitioner's § 2241 petition challenging continued detention pending removal was moot because petitioner had been released from ICE custody pursuant to an order of supervision), aff'd by Ishola v. Holder, 326 F. App'x 254 (4th Cir. 2009); Al-Salahi v. Loiselle, No. 2:06CV102, 2006 WL 2709682, at *2 (E.D. Va. Sept. 19, 2006) (concluding same). Because Roberts has already been released from ICE custody, his § 2241 Petition no

3

longer presents a case or controversy that this Court can address. See Spencer, 523 U.S. at 7 (quoting Lewis, 494 U.S. at 477). For these reasons, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 9) be GRANTED, Roberts's § 2241 Petition (ECF No. 1) be DISMISSED AS MOOT, and the action be DISMISSED.

Roberts is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. See Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. See Carr v. Hutto, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Roberts and counsel of record.

/s/
Roderick C. Young
United States Magistrate Judge

Date: September 27, 2016
Richmond, Virginia